**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MONIKA GRAY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00159-NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Monika Gray-El's application to proceed in district court without prepaying fees and costs. Based on Plaintiff's financial information, the motion will be granted. For the following reasons, on initial review under 28 U.S.C. § 1915(e)(2)(B), the Court will issue process on the complaint as to Defendants Paul Zajicek and Joshua Harden-Trotter in their individual capacities.

### Standard on Initial Review

Complaints filed without payment of the filing fee are subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## Background

Plaintiff's complaint arises out of her arrest on February 25, 2024 for domestic assault and resisting arrest and her subsequent criminal proceedings in Missouri state court. Based on the probable cause statement, officers from the Cape Girardeau Police Department were dispatched to Plaintiff's mother's house in response to a family dispute. *State v. Gray-El*, No. 24CG-CR00337 (32nd Cir. Ct. Feb. 26, 2024).[1] Plaintiff was upset because her two-year-old son did not want to travel to St. Louis with her. According to the statement, her son felt safe at his grandmother's residence and had lived there most of his life. "Gray-El began threatening [her son] stating she would hit him and/or punch him in the face if he did not stop listening to other people and listen to her." *Id.* She grabbed his right arm and began pulling him toward the door. Apparently he broke free and went to his room with his grandmother. "Gray-El entered the room with a belt and began

---

[1] Plaintiff's underlying state court criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

swinging the belt indiscriminately towards [her son] and [her mother]. Gray-El pushed [her mother] to the ground and also punched [her son] on top of his head with a closed fist with her left hand."[2]

According to the probable cause statement, when officers told Plaintiff she was under arrest for domestic assault, she began resisting any attempt to handcuff her "by pulling away from them, creating a hostile environment for her six month old unborn child." *Id.* Additional officers were called. "After being taken to the ground and drive stunned with an officer's taser, officers were able to gain control of Gray-El's hands and handcuff her." *Id.*

Plaintiff was charged with felony resisting arrest (Count I), felony domestic assault in the third degree (Count II), and misdemeanor domestic assault in the fourth degree (Count III). Count I was later amended to misdemeanor resisting lawful detention. On April 10, 2024, the prosecutor dismissed Count II, felony domestic assault in the third degree. On April 22, 2024, the prosecuting attorney entered nolle prosequi, dismissing Count III, domestic assault in the fourth degree. That same day, plaintiff pled guilty to Count I, resisting lawful arrest. She was sentenced to time served, which was sixty days.

## The Complaint

Plaintiff brings this civil rights action against defendants the State of Missouri, Cape Girardeau City Police Department, and Officers Paul Zajicek and Joshua Harden-Trotter arising out of the officers' response to the domestic dispute on February 25, 2024. Plaintiff states that she was illegally arrested on two counts of domestic assault without probable cause, evidence, or any

---

[2] The names of Plaintiff's son and mother are redacted in the probable cause statement. Based on contextual cues, the Court has attempted to identify who is whom.

affidavits. She alleges she was wrongfully imprisoned and held for 60 days until the charges were dropped. She sues all Defendants in their individual and official capacities.

In her complaint, Plaintiff states that when the police arrived at her mother's house, Officer Trotter began asking her questions concerning the custody of her son. She eventually tired of the questioning and told him that she was done talking and walked away. She states the officers approached her as she was sitting in a car with her son, and Officer Trotter asked her to get out and talk to them. As she exited the car, she alleges Trotter "aggressively grabbed me to arrest me." ECF No. 1 at 2. Plaintiff states, "I asked him why he is grabbing me and he began to use excessive force while saying I was being arrested, despite my yelling I was pregnant and other officers continued to throw me on the ground endangering the life of me and my unborn child." *Id.* She states that Officer Trotter started screaming, "Let go of  my gun," and tased her in the back "although may officers along with him had my arms and hands." *Id.*

For her injuries, she states that she had bruises and swelling on her legs, arms, wrist, and back. She states she has a permanent mark from being tased. She also suffers emotional distress and mental anguish. For relief, she seeks $20 million in actual and punitive damages.

## Discussion

### (1)    *Defendant State of Missouri*

Plaintiff's claim against the State of Missouri must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh

4

Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Therefore, Plaintiff's claims against the State of Missouri will be dismissed.

       (2)       *Defendant Cape Girardeau City Police Department*

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, however, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Plaintiff has not alleged that any policy, custom, or failure to train on the part of the Cape Girardeau City Police Department caused her alleged constitutional violations. Thus, the Court will dismiss her claims against the Cape Girardeau City Police Department.[3]

       (3)       *Officers Paul Zajicek and Joshua Harden-Trotter*

              (a)       *False Arrest*

Plaintiff alleges Officers Zajicek and Harden-Trotter unlawfully arrested her without probable cause. "It is well established that a warrantless arrest without probable cause violates an

---

[3] Because Plaintiff's claims against Officers Zajicek and Harden-Trotter brought in their official capacities are actually claims against their employer the Cape Girardeau City Police Department, these claims will also be dismissed. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). However, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). Probable cause exists where there are facts and circumstances within a law enforcement officer's knowledge that are sufficient to lead a person of reasonable caution to believe that a suspect has committed or is committing a crime. *Galarnyk v. Fraser*, 687 F.3d 1070, 1074 (8th Cir. 2012). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010).

Upon review of the probable cause statement, the Court finds Plaintiff has not stated a plausible claim of false arrest. Officer Zajicek swore out a probable cause statement, alleging facts sufficient to support probable cause for Plaintiff's arrest. He responded to a dispatch call for a family dispute. When he arrived, he met with Plaintiff, her mother, and her young son. Either Plaintiff's son or mother stated that Plaintiff was threatening her son, grabbed his arm to pull him toward the door, and punched him with a closed fist. The officer saw a mark on the little boy's arm, which corroborated these statements.[4] The Court finds that these facts and circumstances are sufficient to lead a person of reasonable caution to believe that Plaintiff had committed a crime.

Additionally, Plaintiff has not provided any support for her contention that the officers did not have probable cause to arrest her. Although the domestic assault charges were later dropped, this fact alone is insufficient to support a plausible claim of false arrest. *See e.g.*, *McDougal v.*

---

[4] In her motion to dismiss filed in her criminal case, Plaintiff refers to an "unidentified female" in the house who showed the officers a video in which plaintiff was holding a belt. Although this is not mentioned in the probable cause statement, this would also provide officers with corroborating evidence.

6

*Odom*, 850 B. Supp. 784, 785 (E.D. Ark. 1994) ("The ultimate nolle prosequi of the charge against plaintiff is of no consequence in the determination of the validity of his arrest."). Because Plaintiff has not stated a plausible claim for false arrest, these claims will be dismissed.

>    (b)    *Unlawful Use of Force*

Plaintiff also alleges Officers Zajicek and Harden-Trotter used excessive force during her arrest. "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003). Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Viewed in the light most favorable to Plaintiff, the Court finds that she has stated a plausible claim against the officers for excessive use of force. She alleges she exited a car and the officers grabbed her and tried to arrest her without informing her that she was under arrest. She states that despite yelling that she was pregnant, the officers threw her on the ground and tased her in the back. She alleges that at the time "many officers along with [Harden-Trotter] had my arms and hands." ECF No. 1 at 2. The Court finds on initial review that Plaintiff has stated a plausible

claim of excessive use of force against Officers Zajicek and Harden-Trotter, and will issue service on these claims.

(c)    *Miscellaneous Criminal Statutes*

In the "basis for jurisdiction" section of her complaint, Plaintiff lists several Missouri state and federal criminal statutes. However, criminal statutes generally do not provide private rights of action. *See Firson v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003). For example, courts have held there is no private right of action arising out of the federal perjury statutes. *See, e.g.*, *Faraldo v. Kessler*, 2008 WL 216608, *6 (E.D.N.Y. Jan. 23, 2008) (citing cases). To the extent Plaintiff seeks to bring an action against Defendants arising out of criminal statutes, they will be dismissed. Additionally, to the extent Plaintiff is alleging criminal activity on the part of the officers, she does not possess a legally cognizable interest in having another person arrested or charged with a crime, nor can this Court compel a criminal prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on the Complaint as to Defendants Paul Zajicek and Joshua Harden-Trotter in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants the State of Missouri and the Cape Girardeau City Police Department are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Paul Zajicek and Joshua Harden-Trotter brought in their official capacities are **DISMISSED without prejudice**.

8

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this  24th day of  February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE