**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MONIKA GRAY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00159-NCC |
| | ) | |
| PAUL ZAJICEK and | ) | |
| JOSHUA HARDEN-TROTTER, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the following motions: (1) Motion to Intervene filed by Christian Oates; (2) Plaintiff's Motion for Expedited Emergency Response or Relief; and (3) Plaintiff's Motions for Default Judgment. For the following reasons, the motions will be denied.

*(1)    Motion to Intervene*

Third-party Christian Oates seeks to intervene in this lawsuit alleging that, like Plaintiff, he was also wrongfully arrested, imprisoned, and subjected to excessive force by officers in the Cape Girardeau City Police Department. A party may intervene in an action permissively or as of right. To intervene as of right, Oates must show (1) he has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by disposition of the case; and (3) the interest is not adequately protected by existing parties. *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 785 (8th Cir 2003); *see also* Fed. R. Civ. P. 24. Oates has made none of these showings. Oates' arrest arose out of different circumstances from Plaintiff's and involved different officers. Unlike Plaintiff, whose relevant charges were dismissed, Oates is currently being held at the Cape Girardeau County Jail awaiting trial. The disposition of Plaintiff's case will have no bearing on Oates' legal interests. For these reasons, the Court will deny Oates intervention as of right.

Additionally, the Court declines to grant permissive intervention. Permissive intervention is wholly discretionary. *Barnett*, 317 F.3d at 787. The Court considers whether the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The only commonality between Plaintiff and Oates is that both are alleging an excessive use of force by officers in the Cape Girardeau City Police Department. The Court finds this is not enough to grant permissive intervention to Oates, especially because the facts of their cases are otherwise entirely divergent. The Court will deny Oates' motion to intervene.

(2)     *Motion for Expedited Emergency Response or Relief*

Plaintiff's Motion for Expedited Emergency Response or Relief was filed September 10, 2024 and sought a hearing on her case the next day, September 11, 2024. Because these dates have passed, the motion will be denied as moot. Additionally, none of the grounds Plaintiff cited as good cause to grant an immediate hearing warrant such relief. Plaintiff alleges Defendants have made "dangerous attempts [to] stop forward progress" on her lawsuit. ECF No. 5 at 2. Plaintiff also states she "has been endangered during encounters that [led] to irreparable harm and intentionally using public agency employees to hinder the process to cover their non-compliance and malicious acts." *Id*. Plaintiff has not alleged any facts that would support these allegations. Moreover, Plaintiff's allegations are vague and the Court cannot determine what Plaintiff is accusing Defendants of doing. For this additional reason, Plaintiff's motion for an Expedited Emergency Response or Relief will be denied.

(3)     *Motions for Default Judgment*

Finally, Plaintiff has filed three motions for default judgment. The Court will deny these motions without prejudice as premature. Because Plaintiff is proceeding pro se and *in forma pauperis*, her complaint was subject to an initial review prior to service on Defendants. *See* 28

U.S.C. § 1915(e)(2)(B). The Court recently conducted that initial review and has issued service.

As of the date of this Order, Defendants have not been served and are therefore not in default.

Plaintiff may renew her motion if, after service, Defendants do not timely respond to her complaint.

Accordingly,

**IT IS HEREBY ORDERED** that third-party Christian Oates' Motion to Intervene is

**DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Expedited Emergency Response

or Relief is **DENIED**. [ECF No. 5]

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Default Judgment are **DENIED**

**without prejudice**. [ECF Nos. 6, 7, and 8]

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this order to Christian

Oates at 216 N. Missouri Street, Jackson, Missouri 63755.

Dated this 28th day of February 2025.

 

_____

NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

3